UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Derek Mortland**, <br><br> Plaintiff, <br><br> v. <br><br> **PERRYSBURG HOTELS, LLC**, an Ohio corporation for profit <br><br> Defendant. | Case No. 3:22-cv-1119 <br><br> Judge |

NOW COMES Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., who hereby files this Complaint against the named Defendant for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188 *et seq.*, against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

1

        actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland"), is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Perrysburg Hotels, LLC** owns the property located at 27450 Helen Drive, Perrysburg, OH 43551 in Wood County, Ohio, which is a hotel known as "Comfort Suites Perrysburg – Toledo South." Plaintiff has patronized Defendant's property and the facilities thereon as an overnight guest previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the hotel owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Mortland is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Mr. Mortland is a Franklin County, Ohio resident and is employed as an ADA speaker, consultant, expert and coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients in Northwest Ohio. He travels to (and through) Toledo and Perrysburg many times annually for business and was doing so on this occasion.

9. On January 18-19, 2022, Plaintiff patronized the Defendant's hotel as an overnight guest, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access;

proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the hotel, encountered barriers to access at the hotel, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff

in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the hotel owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Parking and Accessible Routes

A. Designated accessible parking is not properly identified as Van Accessible parking, in violation of the ADA whose remedy if readily achievable.

B. Designated accessible parking is not located on the shortest accessible route to the hotel entrance, in violation of the ADA whose remedy if readily achievable.

C. The hotel property does not have the minimum number of required designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

D. Designated accessible parking access aisles do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

E. The doorway to access the business center does not meet the required width, in violation of the ADA whose remedy is readily achievable.

Passenger Loading Zones

F. The passenger loading zone is not marked with a required vehicle pull up space access aisle, in violation of the ADA whose remedy is readily achievable.

Guestroom #307

G. Mr. Mortland was provided guestroom #307 when he requested a designated accessible guestroom with a roll-in shower. It remains to be determined if this room is considered a mobility accessible room by the proprietor as it lacked any accessibility features.

H. The bed blocks the clear floor space to access the room temperature controls, in violation of the ADA whose remedy is readily achievable.

I. The guestroom lacks required maneuvering clearance around the bed, in violation of the ADA whose remedy is readily achievable.

J. There are no grab bars around the water closet, in violation of the ADA whose remedy is readily achievable.

K. The flush control is not located on the open side of the water closet, in violation of the ADA whose remedy is readily achievable.

L. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

M. There is not 60 inches of required clear floor space around the water closet due to the presence of a partition wall, in violation of the ADA whose remedy is readily achievable.

N. The transfer type shower has a threshold in excess of ½ inch, in violation of the ADA whose remedy is readily achievable.

O. The transfer type shower does not have a compliant fixed seat, in violation of the ADA whose remedy is readily achievable.

P. There is no handheld shower sprayer mounted at the required height range and equipped with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

Q. There are no grab bars in the shower compartment, in violation of the ADA whose remedy is readily achievable.

R. There are bathroom and guestroom amenities, including ice bucket, coffee machine, and hair dryer, located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

S. The lavatory does not have compliant knee clearance, in violation of the ADA whose remedy is readily achievable.

T. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

U. The bathroom mirror is mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

<u>Designated Accessible Guestroom #222</u>

V. The door lock requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

W. Drawers require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

X. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

Y. The bathroom mirror's reflective surface is located far in excess of maximum permissible height of 40 inches above the finish floor, in violation of the ADA whose remedy is readily achievable.

Z. Amenities, including the hair dryer, are located above allowable reach ranges, in violation of the ADA whose remedy is readily achievable.

AA. Grab bars around the water closet are mounted too high above the finished floor, the grab bars are not mounted in their required position whereas the side grab bar does not extend required length from the back wall, as well as the grabs bars a very danger because the space between the wall and the grab bars exceed 1 ½ inches from the wall, in violation of the ADA whose remedy is readily achievable.

BB. The toilet paper dispenser is not mounted in the required location 7 to 9 inches from the front of the unit, in violation of the ADA whose remedy is readily achievable.

CC. The towel rack is located so as to impede use of the side grab bar around the water closet, in violation of the ADA whose remedy is readily achievable.

DD. The robe hook inside the restroom is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

EE. The bathtub faucet controls are not located between the rim and the centerline of the tub, in violation of the ADA whose remedy is readily achievable.

FF. Bathtub grab bars are missing and non-compliant, in violation of the ADA whose remedy is readily achievable.

GG. There is no handheld shower sprayer on a hose with non-positive shutoff as required, in violation of the ADA whose remedy is readily achievable.

HH. There is no fixed or removable shower or bathtub seat, in violation of the ADA whose remedy is readily achievable.

II. There are amenities in the guestroom, including the ice bucket, coffee machine, iron, ironing board, closet rack, and cups, in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

JJ. There is not the required maneuvering clearance in front of the bathroom door, in

violation of the ADA whose remedy is readily achievable.

KK. The closet does not meet the required width at the opening for use by guests who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

Accessible Guestrooms and Accommodations

LL. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers two queen, two double, and one King bed suites. This is in violation of the ADA and its remedy is readily achievable.

MM. Upon information and belief, the hotel has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 41 guestrooms as Comfort Suites Perrysburg – Toledo South, there must be a minimum of two mobility accessible guestrooms.

Access to Goods and Services

NN. There is not at least 5% of seating and standing dining surfaces that are accessible in the breakfast area, in violation of the ADA whose remedy is readily achievable.

OO. There are amenities in the breakfast area, including a toaster, microwave, and hand sanitizer dispenser, located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

PP. The fitness room does not have the required maneuvering clearance at the latch side to exit due to the presence of a water bottle stand, in violation of the ADA whose remedy is readily achievable.

QQ. There are amenities in the fitness room, including the thermostat, that are in excess than required reach range above the finished floor, in violation of the ADA whose remedy is readily achievable.

RR. The business center table(s) do not have required knee clearance, in violation of the ADA whose remedy is readily achievable.

SS. The fire alarm and fire extinguisher are located above 48 inches in reach range above the finish floor to their operable parts, in violation of the ADA whose remedy is readily achievable.

TT. Handrails on either side of the stairways lack horizontal projections at the bottom, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms:

UU. The mirror in the men's restroom is mounted above the permissible height above the finished floor to its reflective surface, in violation of the ADA whose remedy is readily achievable.

VV. The men's restroom grab bars around the water closet are not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

WW. The men's restroom does not have the required clear floor space around the water closet due to the impeding lavatory, in violation of the ADA whose remedy is readily achievable.

XX. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

YY. The flush control on the water closet in the men's restroom is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

ZZ. The toilet paper dispenser in the men's restroom toilet compartment is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

AAA. The exit door of the men's restroom lacks required maneuvering clearance at the latch side, in violation of the ADA whose remedy is readily achievable.

BBB. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

CCC. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access

to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the hotel accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law

and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendant operates or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendant's acts are willful, severe and ongoing. Whereas, Mr. Mortland was denied the benefits of equal access to many of this hotel's features including in his hotel guestroom, the lobby, the business center and elsewhere. Furthermore, since purchasing the property in 2012, the Defendant has been under and ongoing legal duty of readily achievable barrier removal and has not done so.

24. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice in an amount to be determined at trial, but in any event not less

than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net